IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| KAREN LURIE, | * |
| Plaintiff, | * |
| v. | * Case No. CV-05-773-L |
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY; and Fictitious Defendants "A", "B", "C", "D", "E", and "F", whether singular or plural, are those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by Amendment when ascertained, | * |
| Defendants. | * |



FILED
DEC 14 2005
JUDY BYRD, CLERK
HOUSTON CO., AL

## COMPLAINT

### PARTIES

1. Plaintiff Karen Lurie is a resident of Houston County, Alabama and over the age of nineteen (19) years.

2. Globe Life and Accident Insurance Company ("Globe Life") is a foreign corporation that does business by agent in Houston County, Alabama.

3. Fictitious Defendants "A", "B", "C", "D", "E" and "F", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF FACTS

4. In or around April of 2003, David Lurie, deceased husband of the Plaintiff, ("Decedent"), purchased an accidental death insurance policy (Policy Number: 14-J522138) from the Defendants ("the Policy") that would pay accidental death benefits in the amount of $100,000.00 in the event the insured died an accidental death as defined by the aforesaid policy of insurance.

5. The Decedent/Insured identified as beneficiary of the aforesaid Policy as Karen Lurie, the Plaintiff.

6. The Decedent died an accidental death on or about January 6, 2004.

7. A claim for accidental death benefits under the Policy was subsequently filed by Plaintiff Lurie.

8. Plaintiff's claim for accidental death benefits was denied by the Defendants.

## COUNT ONE – BREACH OF CONTRACT

9. Plaintiff incorporates paragraphs 1-8 as paragraph 9 of Count One.

10. The Defendants had a life insurance policy contract with the Decedent in which the Defendants accepted insurance premium payments from the latter in consideration for the promise to pay the death benefits to the beneficiaries designated by the Decedent as of the time of his death as set forth above.

11. The Defendants accepted premium payments from the Decedent until the date of his death. The Decedent fully performed his end of the contractual agreement.

12. The Defendants failed to pay the death benefit as stated in the contractual agreement as set forth above.

13. The Defendants failure to pay death benefits, consistent with the terms of their contractual agreement with the Decedent was a breach of contract for which the Plaintiff is entitled a recovery as beneficiary under the Policy.

14. Plaintiff has not been provided the death benefits as promised in the aforesaid contract and has been injured by the aforesaid breach.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO-BAD FAITH

15. Plaintiff incorporates paragraphs 1-14 as paragraph 15 of Count Two.

16. At all material times herein, Defendant State Farm was under a duty to use good faith in handling Plaintiff's claim.

17. Defendant Globe Life has intentionally, and in bad-faith, failed and refused to properly pay or investigate Plaintiff's claim for accidental death benefits.

18. As a proximate consequence, Plaintiff was injured and damaged by not having been provided the death benefits as set forth above and has been caused to suffer mental and emotional distress, from which she will continue to suffer.

WHEREFORE, Plaintiff demands judgment against Defendant Globe Life in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

```
                              _____
                              CHRISTOPHER E. SANSPREE (SAN048)
                              Attorney for Plaintiffs
```

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 Telephone
(334) 954-7555 Facsimile

Mr. William B Matthews, Jr.
**Matthews & Filmore, L.L.C.**
Post Office Box 1145
Ozark, Alabama 36361
(334) 774-8804 telephone

## JURY DEMAND

PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

```
                              _____
                              OF COUNSEL
```