## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KAREN LURIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:06-cv-00034-MEF** |
| | ) | |
| **GLOBE LIFE AND ACCIDENT** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ANSWER

**COMES NOW** Globe Life and Accident Insurance Company (hereinafter "Globe" or "Defendant") and answers the Plaintiff's Complaint as follows:

1.      Defendant lacks sufficient information to admit or deny paragraph 1 of the Plaintiff's Complaint and demands strict proof thereof.

2.      Defendant admits that it is a foreign corporation. Defendant further states that it has sold a limited number of policies in the State of Alabama via agent, but has not been able to determine whether any of those policies were sold in Houston County. Upon information and belief, the particular policy at issue in this lawsuit was sold via mail. For all of these reasons, except as expressly admitted herein, Defendant lacks sufficient information to admit or deny paragraph 2 of the Plaintiff's Complaint and demands strict proof thereof.

3.      Defendant lacks sufficient information to admit or deny paragraph 3 of the Plaintiff's Complaint and demands strict proof thereof.

4.      Defendant admits paragraph 4 of the Plaintiff's Complaint.

1

5.      Defendant admits paragraph 5 of the Plaintiff's Complaint.

6.      Defendant lacks sufficient information to admit or deny paragraph 6 of the Plaintiff's Complaint and demands strict proof thereof.

7.      Defendant admits paragraph 7 of the Plaintiff's Complaint.

8.      Defendant admits paragraph 8 of the Plaintiff's Complaint.

## COUNT I – BREACH OF CONTRACT

9.      Paragraph 9 of the Plaintiff's Complaint does not require a response by the Defendant, but, to the extent one is deemed required, Defendant incorporates its responses to paragraphs 1-8 to the Plaintiff's Complaint herein by reference.

10.     Defendant admits that the Decedent, David Lurie, purchased an insurance policy as is stated in paragraph 4 of the Plaintiff's Complaint. Said policy had lapsed at the time of the Decedent's death and, accordingly, no death benefits were due under the policy by virtue of the Decedent's death on or about January 6, 2004. For this reason, except as expressly admitted herein, Defendant denies all remaining allegations in paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof.

11.     Defendant denies paragraph 11 of the Plaintiff's Complaint and demands strict proof thereof.

12.     Defendant admits that it did not pay any death benefits on policy 14-J522138. Defendant further states that no death benefits became due on policy 14-J522138 because the policy had lapsed at the time of the Decedent's death on or about January 6, 2004. For this reason, except as expressly admitted herein, Defendant denies all remaining allegations in paragraph 12 of the Plaintiff's Complaint and demands strict proof thereof.

13.     Defendant denies paragraph 13 of the Plaintiff's Complaint and demands strict proof thereof.

14.     Defendant denies paragraph 14 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT II – BAD FAITH

15.     Paragraph 15 of the Plaintiff's Complaint does not require a response by the Defendant, but, to the extent one is deemed required, Defendant incorporates its responses to paragraphs 1-14 to the Plaintiff's Complaint herein by reference.

16.     Paragraph 16 of the Plaintiff's Complaint refers to a "Defendant State Farm," which is not a party to this lawsuit. Accordingly, Defendant lacks sufficient information to admit or deny paragraph 16 of the Plaintiff's Complaint and demands strict proof thereof.

17.     Defendant denies paragraph 17 of the Plaintiff's Complaint and demands strict proof thereof.

18.     Defendant denies paragraph 18 of the Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies the material allegations of the Complaint, except to the extent expressly admitted above.

3

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Defendant is not liable to the Plaintiff.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, estoppel and laches.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the failure to do equity.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because she has not sustained injury or damage as a result of the matters averred in the complaint.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant has not breached any contractual agreement it has with the Plaintiff.

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies the material allegations of the complaint and pleads the general issue.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unjust enrichment.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent this action is subject to an arbitration agreement, it is due to be stayed pending arbitration.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parole evidence rule.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by novation.

NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by payments and agreement.

TWENTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable provisions of Title 27 to the Code of Alabama.

### TWENTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

To the extent this action is subject to an arbitration agreement, Defendant reserves the right to bring any claims it has against the Plaintiff in arbitration.

### TWENTY THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Venue is not proper.

### TWENTY FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendant.

### TWENTY FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant states that it is not indebted or liable to Plaintiff in any manner or amount whatsoever.

### TWENTY SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, are the proximate result of the acts or omissions of others, for whom Defendant owes no legal responsibility.

### TWENTY SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy certain conditions precedent to the contract.

### TWENTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant asserts the defense of release.

### TWENTY NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant asserts the defense of recoupment.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant asserts the defense of setoff.

THIRTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Defendant pleads *forum non conveniens*.

THIRTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Defendant states that it acted in good faith with respect to the Plaintiff at all times relevant to the Plaintiff's claims.

THIRTY THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies that it breached any legal duty owed to Plaintiff and denies that its actions or inactions caused Plaintiff's alleged damages.

THIRTY FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint seeks to make Defendant liable for punitive damages, Defendant adopts by reference the defenses, criteria, limitations, and standards are mandated by the United States Supreme Court in *BMW of North Am., Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), which was extended in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), on the issue of punitive damages.

THIRTY FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

THIRTY SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

THIRTY SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

THIRTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages against Defendant in excess of the limitations and criteria set forth in ALA. CODE §6-11-21 (1975) is impermissible, as that statute is constitutional and otherwise enforceable.

THIRTY NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages against Defendant under the facts of this case would be impermissible for one or more of the following reasons.

(a)     There are inadequate safeguards with respect to the imposition of punitive damages against Defendant under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Defendant would violate that amendment to the Constitution of the United States.

8

(b)     The imposition of punitive damages against Defendant in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c)     There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Defendant under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of Alabama. Accordingly, the imposition of punitive damages in this case against Defendant would violate both Constitutions.

(d)     To subject Defendant to punitive damages under the facts of this case without some guarantee against future punishment for similar or related acts or omissions would violate the Constitution of both the United States and the State of Alabama.

(e)     The imposition of substantial punitive damages in this case against Defendant would deprive Defendant of property without the due process of law in violation of the criteria set forth by the United States Supreme Court in *BMW of North America, Inc., v. Gore* and other cases.

(f)     Defendant reserves the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(g)     Under Alabama law, the imposition of punitive damages against Defendant would constitute an arbitrary and capricious taking of property without

9

due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(h)     The imposition of punitive damages against Defendant would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(i)     The imposition of punitive damages against Defendant would improperly penalize Defendant without the same safeguards afforded criminal defendants by the Constitutions of both the United States and the State of Alabama.

(j)     Defendant adopts and incorporates the standards with respect to punitive damages set forth by the United States Supreme Court in *Cooper Industries, Inc., v. Leatherman Tools Group, Inc.* and other cases.

### FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Any award of punitive damages against Defendant under the facts of this case would be impermissible under ALA. CODE §6-11-20 (1975) and/or ALA. CODE §6-11-27 (1975).

### FORTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### FORTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## FORTY THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of a lack of consideration.

## FORTY FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

At the time of filing this Answer, discovery has not begun. Defendant reserves the right to amend its answer with such other and further defenses as may be warranted based on information learned in discovery.

Respectfully submitted this the 23rd day of January, 2006.

 /s/Bobby Poundstone
Philip H. Butler (BUTL1716)
Robert E. Poundstone IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
          bpoundstone@bradleyarant.com

Attorneys for Defendant Globe Life and
Accident Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on January 23rd, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William B. Matthews, Jr., Esq.
wbmatthews@snowhill.com

        and

Christopher Sanspree, Esq.
Chris.sanspree@beasleyallen.com.


                    /s/Bobby Poundstone
                    Philip H. Butler (BUTL1716)
                    Robert E. Poundstone IV (POU006)
                    BRADLEY ARANT ROSE & WHITE LLP
                    The Alabama Center for Commerce
                    401 Adams Avenue, Suite 780
                    Montgomery, AL 36104
                    Telephone: (334) 956-7700
                    Facsimile: (334) 956-7701
                    E-mail: pbutler@bradleyarant.com
                            bpoundstone@bradleyarant.com

                    Attorneys for Defendant Globe Life and
                    Accident Insurance Company