IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN LURIE, )  |   |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-00034-MEF |
| ) | |
| GLOBE LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT GLOBE LIFE AND ACCIDENT INSURANCE COMPANY'S REPLY TO THE PLAINTIFF'S BRIEF IN OPPOSITION TO GLOBE'S MOTION FOR SUMMARY JUDGMENT**

Defendant **Globe Life and Accident Insurance Company** (hereinafter "Globe" or "Defendant") states as follows in further support of its Motion for Summary Judgment and in reply to the brief filed by the Plaintiff in opposition to summary judgment:

**I. Pursuant to the express terms of the insurance contract, the agreement between the Plaintiff and Globe could not be changed via a telephone call with a customer service representative.**

In her brief in opposition to Globe's motion for summary judgment, the Plaintiff alleges that she and her attorney contacted a Globe Life customer service representative[1] on January 12, 2004, and notified Globe that David Lurie (hereinafter the "Insured") had been killed in an accident on January 6, 2004, and that the premiums were not paid until January 4, 2004, which was two days before the death of the Insured. The Plaintiff further alleges that the Globe customer service representative told her and her attorney

---

[1] The Plaintiff has not provided any information that would identify the Globe customer service representative that she and her attorney allegedly spoke with. Furthermore, Globe subpoenaed any and all records from the Plaintiff's attorney concerning the alleged phone call and no records were produced in response to the subpoena.

that there would be no lapse in coverage on the policy as long as Globe received the premium payments before January 17, 2004.  Even if these allegations are taken entirely as true, they have absolutely no bearing Globe's motion for summary judgment.

As set forth in detail in Globe's initial summary judgment brief, the policy in question was clearly lapsed for nonpayment of premiums at the time of the insured's death.  Thus, there was <u>no policy in existence</u> at the time of the death of the Insured.  The Plaintiff is asking the Court to find that there was an amendment of the reinstatement procedures set forth in the policy so that the Plaintiff's insurance policy could be reinstated <u>post-death</u>[2].  Such an amendment is both illogical and prohibited by the express terms of the policy.  Specifically, the policy in question expressly provides:

> ENTIRE CONTRACT; CHANGES:  This certificate, with the group policy, enrollment form and attached papers, if any, is the entire contract between You and Us.  No change in this certificate will be effective until approved by Us.  This approval must be noted on or attached to this certificate.

*Lurie Depo.* at Ex C[3].  These provisions clearly require any change or modification to the terms of the policy to be put into writing by Globe and prohibit any verbal modification.  There is absolutely no evidence to suggest that the reinstatement terms, or any other terms of the policy, were ever changed or modified as required by the policy.  Accordingly, Globe is entitled to summary judgment even if the Plaintiff's allegations concerning a January 12, 2004, phone call with a Globe customer service representative are true.

---

[2] Obviously, the very nature of a life insurance policy makes it impossible to reinstate a policy after the death of an insured.

[3] The deposition transcript of Plaintiff Karen Lurie and exhibits thereto were attached to Globe's initial summary judgment brief as was all other materials that will be cited in this reply brief.  In order to avoid needless duplication, Globe directs the Court's attention to the exhibits to Globe's initial brief when such evidence is cited in this brief.

2

**II.   The Plaintiff's assertions concerning waiver are inaccurate.**

In her reply brief, the Plaintiff contends that if any Globe employee had knowledge of the death of the insured prior to accepting the past due premium, then Globe has absolutely waived its right to deny the claim. Such a contention is contrary to Alabama law, which holds that a waiver does not necessarily occur by accepting past due premium with knowledge that a claim occurred during lapse. Pursuant to Alabama law, when "an insurance company accepts payment for a premium on a lapsed policy with knowledge that an accident occurred during the period of lapse, three options are available to the insurer. The insurer may: 1) return the premium for the lapsed period; 2) apply the premium from the date received forward; or 3) retain the premium and cover the. . . loss." *Allen v. Dairyland Insurance Company,* 391 So.2d 109 (Ala. 1990)(citing *Central National Insurance Co. Group of Omaha v. Grimmett,* 340 So.2d 767 (1976); *Alabama Farm Bureau v. Hicks*, 272 Ala. 574, 133 So.2d 221 (1960)). In cases such as this, where life insurance coverage is at issue, only options one and three are applicable because there could be no future coverage since the insured is deceased. *Mutual Savings Life Insurance v. Noah*, 282 So.2d 271 (Ala. 1979).

The cases cited by the Plaintiff do not pertain to situations where the premium is simply returned by the insurance company. Rather, the cases cited by the Plaintiff deal with situations where the insurance company does not refund the premiums prior to the commencement of a lawsuit and reinstates coverage (i.e., options two and three). *See, State Farm Mutual Automobile Insurance Company v. Anderson,* 294 Ala. 451, 318 So.2d 687 (Ala. 1975)(The insurance company in this case accepted the premium, but applied it from the date of receipt forward); *Alabama Farm Bureau v. Hicks*, 272 Ala.

574, 113 So. 221 (Ala. 1961)(The insurance company in this case retained premium for the defaulting period, reinstated the policy, but denied coverage of the claim occurring during the defaulting period)[4]. Acceptance of past due premiums with knowledge[5] that a claim occurred during the lapse period will only result in a waiver if the insurance company either expressly or through its actions chooses options two or three and retains the past due premium paid by the Plaintiff. In such situations, an insurance company can only avoid waiver by accepting the premium and applying it from the date received forward if it clearly conveys those intentions to the insured before it accepts the payments. *Allen v. Dairyland Insurance Company*, 391 So.2d 109, 110 (Ala. 1990). Otherwise, retaining the premiums without conveying such intentions will be deemed a waiver of rights by the insurance company and an intention to cover the loss. *Allen*, 391 So.2d at 110.

The case before this Court is not an instance where Globe failed or refused to return the Plaintiff's premium and either expressly or through its actions chose option three.[6] Alabama law expressly provides another option - - the insurance company has the right to <u>return the premium</u>. In this case, because Globe promptly returned the Plaintiff's

---

[4] The Plaintiff also cited *Nationwide Mutual Insurance Company v. Clay*, 525 So.2d 1139. However, this case does not appear to involve a claim that accrued during a lapse period and where the insurance company thereafter accepted a premium. Thus, it seems to be wholly inapplicable to the case before this Court.

[5] As stated in Globe's initial summary judgment brief, Globe has absolutely no records that indicate that it received notice of the Insured's death on January 12, 2004, as the Plaintiff alleges. Accordingly, Globe intends to challenge the Plaintiff's contentions in this regard at trial in the event summary judgment is denied.

[6] As reference for a life insurance case where the insurance company failed to return premium, Defendant directs the Court's attention to *Mutual Savings Life Insurance v. Noah*, 282 So.2d 271 (Ala. 1973). In that case, rather than return the premium, the insurance company applied the premium payments to other policies on the lives of the family members of the deceased insured. Clearly, that case involved a completely different fact scenario than the one before this Court.

4

overdue premium payment, as it was expressly authorized to do under Alabama law and the provisions of the policy[7], in less than a week after Globe's Claims Department discovered that the policy was not reinstated prior to the death of the Insured, Globe is entitled to summary judgment on the Plaintiff's breach of contract claim.

  **III.** **It was impossible for the policy on the Insured's life to be reinstated when the premium was received on January 16, 2004.**

  In her brief, the Plaintiff alleges that the policy on the Insured's life was reinstated upon receipt of the premium by Globe on January 16, 2004. The Plaintiff equates the fact that Globe processed the Plaintiff's overdue payment with a proper reinstatement. While it is true that the premium was received and processed (which is a clerical-type function) by Globe within the deadline provided in Globe's letter dated January 2, 2004, the reinstatement was not effectuated. *See, Hernandez Depo.* at 16:8-18:1. Specifically, Globe sent the Insured a letter dated January 2, 2004, consistent with the terms set forth in the Policy, which offered to reinstate the Policy if premium was paid by January 17th and "provided the insured is still in good health." *Lurie Depo.* at Ex C. It is undisputed that the Insured was already deceased when the check was received by Globe. *Lurie Depo.* at 41:6-13, 66:15-18, 90:4-8. Accordingly, it cannot be disputed that the Insured

---

[7] In addition to the rights afforded Globe pursuant to the common law, the policy expressly authorized Globe to return the Plaintiff's premium: "Any premium paid for any period after the date coverage terminates will not continue the Insured's coverage in force and will be returned, unless accepted by Us under the Reinstatement provision in this certificate." *Lurie Depo.* at Ex C. Thus, Globe's contractual rights cannot be ignored in light of Alabama Supreme Court precedent which dictates: ". . . agreements for the forfeiture of an insurance policy for the nonpayment of premiums are valid and are enforceable by the insurer." *Grimes v. Liberty National Life Insurance Company*, 551 So.2d 329, 332 (Ala. 1989)(emphasis added)(citing *Equitable Life Assurance Society of the United States v. Golson*, 159 Ala. 508, 48 So. 1034 (1909); *Security Mutual Life insurance Co. v. Riley*, 157 Ala. 553, 47 So. 735 (1908); *Lolley v. Allstate Life Insurance Co.,* 48 Ala.App. 230, 263 So.2d 688 (1972); *Travelers Insurance Co. v. Lazenby*, 16 Ala.App. 549, 80 So. 25 (1918)(overruled on unrelated grounds).

5

was not in good health and, therefore, no longer insurable when Globe received the premium attempting to reinstate the out of force Policy.

### IV.     Conclusion

For the reasons set forth above and in Globe's initial brief in support of its motion for summary judgment, Globe respectfully requests that this Court grant summary judgment in its favor and, in accordance therewith, dismiss with prejudice all of the claims brought against it in Plaintiff's Complaint.

Respectfully submitted this the 10th day of November, 2006.

                                                                         _/s/Bobby Poundstone_____
                                                                         Philip H. Butler (BUTL1716)
                                                                         Robert E. Poundstone IV (POU006)

                                                                         Attorneys for Defendant Globe Life and
                                                                         Accident Insurance Company

**OF COUNSEL:**

BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
            bpoundstone@bradleyarant.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 10th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William B. Matthews, Jr., Esq.
wbmatthews@snowhill.com

      and

Christopher Sanspree, Esq.
Chris.sanspree@beasleyallen.com.

      /s/Bobby Poundstone
Philip H. Butler (BUTL1716)
Robert E. Poundstone IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
      bpoundstone@bradleyarant.com

Attorneys for Defendant Globe Life and Accident Insurance Company