IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN LURIE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. 1:06-cv-0034MEF |
| | * |
| GLOBE LIFE AND ACCIDENT | * |
| INSURANCE COMPANY, et al., | * |
| | * |
| Defendant, | * |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION**
**TO EXCLUDE THE EXPERT TESTIMONY OF JOHN H. ALLEN**

Plaintiff requests this Court to issue an order denying Defendant Globe Life's Motion to Exclude the expert testimony of John H. Allen on the following grounds:

1). The criterion for the admission of expert testimony is that the witness, by study, practice, experience or observation as to the particular subject, should have acquired a knowledge beyond that of the ordinary witness and that said <u>knowledge</u> will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by <u>knowledge</u>, <u>skill</u>, <u>experience</u>, <u>training</u>, or <u>education</u>, may testify thereto in the form of an opinion or otherwise. <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 113 S.Ct 2786 (1993); <u>Kumho Tire Company, Ltd. v. Carmichael</u>; 1999 WL 152275. Mr. Allen is an insurance consultant that worked in the insurance industry for over twenty-three (23) years obtaining the insurance industry's AIC designation in claims adjusting. (John H. Allen's Curriculum Vitae, Exhibit "A"); (John H. Allen's sworn deposition, Exhibit "B", pg. 18, lines 4-15). Mr. Allen is very accustomed with the insurance industry standards and practices that apply to adjusting insurance claims and

has provided expert testimony regarding the same in numerous cases. (Exhibit "A"). Mr. Allen drew upon his training and experience when he provided his expert opinion testimony in the instant case. (Exhibit "A"); (Exhibit "B", pg. 148, lines 8-23). Based upon his experience, knowledge and background, Mr. Allen is imminently qualified to offer expert opinions as to the insurance industry standards and practices that apply to the adjusting of insurance claims. Mr. Allen's expertise in insurance coverage matters was even acknowledged in an unrelated case by United States District Court Judge William M. Acker for the Northern District of Alabama in an Order issued in a case styled <u>Nationwide Mutual Fire Insurance Company, et al., v. John H. Allen</u>, case number 00-AR-1662-S. (Order, Exhibit "C", page 6-7). What's more, Defendant Globe Life admits on page six (6) of its own motion that Mr. Allen has had considerable experience regarding insurance industry standards and practices that apply to property and casualty insurance claims. (Defendant's Motion, page six (6)).

  2). Defendant Globe Life, however, attempts to draw a distinction between the insurance industry standards and practices that apply to the adjusting of **property and casualty insurance claims** and the insurance industry standards and practices that apply to the adjusting of **life insurance claims**. Defendant Globe Life contends and represents to the Court that the industry standards and practices are different for each. Defendant Globe Life argues that, as a result, Mr. Allen's is unqualified to provide expert testimony pursuant to Rule 702 of the Federal Rules of Evidence because he has no personal experience adjusting **life insurance** claims. This argument, however, is unsupported and is based upon the presupposition that there are actually different insurance industry standards for life insurance claims than there are property and casualty claims. As stated

above, Globe Life's presupposition is not supported by any evidence whatsoever. Counsel for Defendant Globe Life simply represents to the Court that different standards apply to life claims.[1] As this Court is aware, unsupported statements and arguments made by attorneys are not evidence. The only evidence before the Court is that the same insurance industry standards apply to life insurance claims as apply to property and casualty claims. (Exhibit "B", pg. 148, lines 8-23). For this reason alone, Defendant Globe Life's Motion to Exclude should be denied.

    3). Defendant Globe Life next argues and represents to the Court that Mr. Allen is unqualified because he used the term "reservation of rights" in his deposition when referring to the instant life insurance claim, and that the term "reservation of rights" is only used in liability insurance and not life insurance. Again, this argument and representation is not supported by any evidence whatsoever. Counsel for Globe Life simply represents this as fact to the Court. As stated above, unsupported conclusions and representations made by attorneys of record are not evidence.

    4). In addition, counsel for Globe Life misquotes Mr. Allen's depositional testimony and represents to this Court that he testified that he had <u>never</u> seen the term "reservation of rights" used outside of liability insurance and bonds. (See Defendant's Motion); (Exhibit "B" pg. 62, lines 20- pg 67, line 9; pg. 77, line 21- pg. 79, line 8). What's worse, Counsel for Defendant Globe Life refers this Court only to the un-signed and un-sworn depositional testimony of Mr. John H. Allen, knowing that this testimony is inadmissible hearsay until sworn to and signed. (See Defendant's Motion). Counsel for Defendant Globe Life fails to refer the Court to Mr. Allen's signed and sworn

---

[1] **For reasons unknown, Defendant Globe Life failed to obtain expert testimony of its own to support its argument that different insurance industry standards apply to life claims. In fact, Defendant Globe Life has not disclosed any experts in this case. This should be telling in and of itself.**

depositional testimony, which clearly shows that the term "reservation of rights" and "reservation of rights letters" are used in the adjusting of life claims and that Mr. Allen has provided expert testimony in life claim cases wherein reservation of rights letters were used in the life claim context. (Exhibit "D", signed and sworn depositional errata sheet). For these reasons as well, Defendant Globe Life's Motion to Exclude should be denied

5). Defendant Globe Life also attempts to mislead the Court and "muddy the water" by bringing up Mr. Allen's prior misdemeanor arrest back in 1978 for misdemeanor possession of marijuana and his subsequent testimony in other cases wherein he denied having previously been arrested. In other words, Defendant Globe Life attempts to exclude Mr. Allen's testimony by bringing in to question the credibility and veracity of the witness (Mr. Allen). This, however, is properly done on cross-examination, not should not be argued in a Motion to Exclude. Courts have clearly stated that with regard to alleged underlying weakness in expert testimony, "[t]he weakness in the underpinnings of such opinions may be developed upon cross-examination and **such weakness goes to the weight and credibility of the testimony**". Grayson v. State, 1999 WL 1046427 (Ala.Crim.App. 1999). Further, such alleged weaknesses may be developed on cross-examination and may "make a jury issue as to the credibility and weight to be given to the expert testimony". Id. As a result, the credibility of any testimony is an issue that can only be decided by the jury.

## CONCLUSION

The expert testimony of John H. Allen offered in this case meets the criteria set forth in Daubert v. Merrell Dow Pharmaceuticals, 113 S.Ct 2786 (1993); Kumho Tire

Company, Ltd. v. Carmichael; 1999 WL 152275.  As a result, testimony proffered by Plaintiff's expert should be properly admitted as it is based upon such knowledge, skill, experience, and training that his opinion will assist the trier of fact to understand the evidence and determine facts in issue.  Daubert v. Merrell Dow Pharmaceuticals, 113 S.Ct 2786 (1993); see also *Rule 702 of the Federal Rules of Evidence*.

      */s/Christopher E. Sanspree*
      CHRISTOPHER E. SANSPREE (SAN048)
      Attorney for the Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343 Telephone/(334) 954-7555 Facsimile

Mr. William B Matthews, Jr.
**Matthews & Filmore, L.L.C.**
Post Office Box 1145
Ozark, Alabama 36361
(334) 774-8804 telephone

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of the same in the United States Mail, first class, postage prepaid on this the **22nd** day of **January,** 2007.

                                      *s/Christopher E. Sanspree*
                                      OF COUNSEL

Robert E. Poundstone IV
**Bradley Arant Rose & White, LLP**
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
(334) 956-7700
(334) 956-7701 fax