# FREEDOM COURT REPORTING

367 Valley Avenue
Birmingham, Alabama 35209
205.397.2397
877.373.3660

## WITNESS CERTIFICATION

I, _John H. Allen_, do hereby acknowledge that I have read the foregoing transcript of my testimony and that it is a true and correct transcription of the answers given by me to the questions propounded, except for the changes, if any, noted on the attached errata sheet.

_John H. Allen_
Witness
Printed name: _John H. Allen_

Sworn to and subscribed before me, this the _19_ day of _JAN_, 200_7_.

_James G. Prentis_
Notary Public
My Commission expires: _9-27-2007_

Deposition of:   John Allen
Taken:           12/07/2006
Court Reporter:  Jackie Parham


EXHIBIT D

## TRANSCRIPT ERRATA SHEET

Deposition of:     John Allen
Taken:             12/07/2006
Court Reporter:    Jackie Parham

| Page #: | Line #: | Correction/Reason for change: |
|---|---|---|
| 78-17 → | | Additional research information on Reservation of Rights involved in Life Claims. |
| 79-8 → | | |
| 114 | 17 | |
| 115 | 5 | |

Examples of other life insurance companies using Reservation of Rights letters in life insurance claims I personally worked on each of these cases.

Exhibit "A": Letter of May 12, 2000 Page: Reserving of rights by Monumental in case of Allegro v Monumental Life Ins. Co.

Exhibit "B": Letter of January 12, 2004 Page 1, Great-West Life Ins company Reserves rights to obtain additional medical information

② Letter of December 12, 2003, Page 1 reserves rights on ① conducting additional inquiries ② contract ③ applicable law. Case of Puk vs Great-West Life & Annuity Ins Co.

*Exhibit "A"*


Monumental Life INSURANCE COMPANY

Life & Health Claims Department
P.O. Box 17094, M.S. #A370
Baltimore, MD 21203-7004

May 12, 2000

Mrs. Lanna Allegro
1302 Huckleberry Lane
Prattville, AL 36067

RE: James Allegro
Policy #MZ4500100H-0026F
Certificate #0011227535
Claim #S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, 20001162

Dear Mrs. Allegro:

Please be advised that we have now completed our investigation of the claim which you filed on your spouse, James Allegro.

Our records indicate that the above-referenced Group Mortgage Accidental Death Insurance Policy was issued to James Allegro and Lanna Allegro, effective February 1, 2000.

Under the "Benefits" provision of this policy, it states:

> "We will pay the Accidental Death Benefit shown in the Schedule when we receive proof that you died as a result of an Injury, provided death occurred within 365 days of the injury. The benefit will be applied to reduce or pay off your Outstanding Balance at the time of your death".

Under the "Definitions" section, "Injury" is defined as follows:

> "INJURY means bodily injury caused by an accident, independently of all other causes. The Injury must occur while Insurance is in force under the Policy. The Injury must be the sole and direct cause of death. The Injury must not be caused, or contributed to, by Sickness".

Mrs. Lanna Allegro
May 12, 2000
Page Two

Under the "**Exclusions**" section, it reads, in part, as follows:

> "We will not pay a benefit for death caused by or resulting from:
>
> (6)   alcohol intoxication, as defined in the state where the accident occurred;"

We have obtained a copy of the report from the Office of the Medical Examiner of District One, Florida, which revealed that Mr. Allegro had a blood alcohol level of 0.178 at the time of the accident. Our Medical Director has reviewed these results and has determined that the alcohol level, which was more than twice the legal limit for driving in the State of Alabama, contributed to the accident which led to your husband's death. Therefore, because the loss was not caused by an accident, independently of other causes, and alcohol intoxication contributed to the loss, we are unable to consider this claim for benefits.

We regret that our determination could not have been more favorable, however, our decision is based on the terms of the policy and the information submitted to our office. Should you have any additional information which you feel may affect our decision, please feel free to submit that to our office for review.

We fully reserve and do not waive any and all rights and defenses available to us, whether arising under the policy or otherwise.

If you wish to continue your coverage under this policy, it will be necessary to contact our office and make arrangements to have the premium amount reduced to single coverage.

Should you have any questions concerning this matter, please do not hesitate to contact our office at 1-800-423-9369.

Sincerely,

*Charlene Keogh*

Charlene H. Keogh
Claims Examiner
Life and Health Claims



Life & Health Claims Department
P.O. Box 17004, M.S. #A370
Baltimore, MD 21203-7004

May 5, 2000

Mrs. Lanna Allegro
1302 Huckleberry Lane
Prattville, AL 36067

RE: James Allegro
Policy #MZ4500100H-0026F
Certificate #0011227535
Claim #S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, 20001162

Dear Mrs. Allegro:

This is to follow up on our letter to you dated April 7, 2000 in connection with the above-referenced claim.

Please be advised that we have now received the accident report, as well as records from Baptist Medical Center. However, the records from Baptist indicated that Mr. Allegro had been transferred to their facility from Vaughan Evergreen Medical Center in Evergreen, Alabama. We have contacted this facility and they do have records on Mr. Allegro for the period of time he was there. We have requested these records, and, hopefully, they will be forwarding them to us shortly. As soon as we have received this information, we will be able to proceed with our review of this claim.

Should you have any questions in the meantime, please do not hesitate to contact our Customer Service Center at 1-800-423-9369.

Sincerely,

Charlene H. Keogh
Claims Examiner
Life and Health Claims

cc: Dovenmuehle Insurance Agency
Attention: Janice Garman
1501 Woodfield Road
Schaumburg, IL 60173-4932



**Monumental Life INSURANCE COMPANY**

Life & Health Claims Department
P.O. Box 17004, M.S. #A370
Baltimore, MD 21203-7004

April 7, 2000

Mrs. Lanna Allegro
1302 Huckleberry Lane
Prattville, AL 36067

RE: James Allegro
Policy #MZ4500100H-0026F
Certificate #0011227535
Claim #S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, 20001162

Dear Mrs. Allegro:

This is to follow up on our letter to you dated March 14, 2000 in connection with the above-referenced claim.

Please be advised that we have received the report from the Medical Examiner but are still awaiting the records from Baptist Hospital and the Alabama Department of Public Safety. We have been in touch with these facilities, and, hopefully, they will be forwarding these records to us shortly. As soon as we have received all of the necessary information, this claim will have our prompt attention.

Should you have any questions in the meantime, please do not hesitate to contact our Customer Service Center at 1-800-423-9369.

Sincerely,

Charlene H. Keogh
Claims Examiner
Life and Health Claims

cc: Dovenmuehle Insurance Agency
Attention: Janice Garman
1501 Woodfield Road
Schaumburg, IL 60173-4982

Continuation of partially transmitted fax.

Exhibit B

 

LAVERNE S WILDER, ALHC, ACS
Associate Manager, Individual Life Benefits

January 12, 2004

Joeurt Puk
601 Whatley Drive #2006
Dothan, AL 36303

RE: Deceased: Chrock Puk, Claim # 825684, Policy # 87706362

Dear Mr. Puk,

Thank you for your letter of December 19, 2003.

The documents which were examined by an independent, Forensic Document Examiner were provided to us by you and included the following items:

1. Life insurance application
2. Resident Alien Card
3. Tennessee Driver's License
4. Social Security Card

As the originals of these documents remain in your possession, should you require a second opinion from another independent, Forensic Document Examiner, you can provide them with the same documents. We are at this time, standing by the results obtained during this examination and results that conclude that the application for this insurance was not signed by the same person who signed the other documents.

We have requested no additional items at this time, aside from what you provided to us, and the results from the Forensic Examination of those documents. Until or unless, additional and verifiable proof is submitted to the contrary, we regret that we cannot proceed further. We do, however, reserve the right to obtain additional medical information, if needed in order to complete our processing at some later time. At this point, if the application is not valid and we believe that it is not, it would serve no purpose to continue on with our claim investigation of other aspects of the claim.

I regret Mr. Puk, that based on the information you provided to us, I cannot be of further assistance. If you can provide us with additional information to support your claim, please feel free to forward it to us and we will give it our consideration. Enclosed please find our check in the amount of $81.00 for a full refund of premium.

Sincerely,

LaVerne S. Wilder, ALHC, ACS
Associate Manager, Individual Life Benefits

8515 East Orchard Road, Greenwood Village, CO 80111 ............ Address mail to PO Box 1700, Denver, CO 80201

**Great-West**
LIFE & ANNUITY INSURANCE COMPANY

GREAT-WEST FAMILY OF COMPANIES

THE **Great-West Life**®
ASSURANCE COMPANY

LAVERNE S WILDER, ALHC, ACS
Associate Manager, Individual Life Benefits

December 12, 2003

Joeurt Puk
601 Whatley Drive #2006
Dothan, AL 36303

RE: Deceased: Chrock Puk, Claim #: 825684, Policy #: 87706362

Dear Mr. Puk,

I am writing concerning your claim for the death benefit under the above listed policy insuring the life of your brother, Chrock Puk. Your brother's death occurred within the two-year policy contestable period and as we previously advised we conducted a routine investigation to confirm the representations given in the application for this insurance.

In reviewing the documentation that you provided, there was a question as to differences in handwriting between the application and other documents containing your brother's signature. An analysis has been done by a Forensic Document Examiner and he has certified that the application and other documents submitted were not signed by the same person.

Because the application for insurance must be signed by the applicant (insured) in order to be valid, we are hereby declaring this contract null and void back to inception.

If you feel that this information is not accurate, or if you have any additional information you feel should be taken into consideration on this claim, please notify us of that information in writing by January 2, 2004. If we do not hear from you within that period, we will conclude that you have no additional information to provide, and we will issue a check for a refund of premium paid on this policy in the amount of $81.00.

We do not intend to waive any rights or defenses to conduct additional inquiries should this claim be reconsidered based upon new information, nor do we waive any of our right or defenses with regard to the contract or applicable law.

If you have any questions, please contact our office at (800) 537-2033, Ext. 44222.

Yours truly,

LaVerne S. Wilder, ALHC, ACS
Associate Manager, Individual Life Benefits